Honorable George M. Cowden Chairman, Public Utility Commission of Texas 7800 Shoal Creek Blvd., Suite 400N Austin, Texas 78757
Re: Assessments that Public Utility Commission may collect from water supply corporations removed from its jurisdiction.
Dear Mr. Cowden:
You ask several questions about the payment of assessments by water supply or sewer service corporations which were removed from the jurisdiction of the Public Utility Commission (PUC) as of April 19, 1979. Section 78 of the Public Utility Regulatory Act, V.T.C.S. article 1446c, provides as follows:
 An assessment is hereby imposed upon each public utility within the commission's jurisdiction serving the ultimate consumer equal to one-sixth of one percent of its gross receipts from rates charged the ultimate consumers in Texas for the purpose of defraying the costs and expenses incurred in the administration of this Act. Thereafter the commission shall, subject to the approval of the Legislature, adjust this assessment to provide a level of income sufficient to fund commission operation.
Assessments are due on August 31 of each year, and covered utilities may make quarterly payments of their assessments. In each case, the payment is made after the assessment year or quarter has passed. See Attorney General Opinion H-811 (1976). Senate Bill 418, effective April 19, 1979, removed water supply and sewer service corporations from PUC jurisdiction, except for the purpose of issuing certificates of convenience and necessity. V.T.C.S. art. 1446c, §§ 3(a), (c), (u); 49(b); Acts 1979, 66th Leg., ch. 57 at 93.
You ask whether water supply corporations must pay the assessment for the quarters during which they were subject to the commission's regulation. The assessment imposed by section 78 is an ongoing assessment for the purpose of defraying administrative costs. The legislative intent, as reflected in the language and structure of the statute, is that water supply corporations are responsible for the portion of the assessment attributable to the time period they remained under PUC jurisdiction.
You next ask whether the commission may prorate the assessment due and payable for the portion of the assessment year up to April 19, 1979, and collect the prorated assessments from the water supply corporations. On the basis of our conclusion that the assessment is an ongoing obligation, we believe the commission may do so.
You finally ask whether the commission may require any additional assessments for any quarters after April 19, 1979, against the water supply corporation. As of that date, a water supply corporation ceased to be a `public utility within the commission's jurisdiction'; hence, section 78 no longer imposed the assessment on it.
 SUMMARY
Water supply corporations, removed from the jurisdiction of the Public Utility Commission as of April 19, 1979, must pay assessments imposed by section 78 of V.T.C.S. article 1446c for the period during which they were subject to PUC jurisdiction.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General